## SETTLEMENT AGREEMENT AND RELEASE OF ALL LIABILITY

### DEFINITIONS

A.   As used herein the term "Claimant" shall mean Vincent Betancourt, for himself, his heirs, executors, administrators, successors and assigns.

B.   As used herein the term "Defendants" shall collectively mean Hyman Haddad, in his individual capacity, for himself, his heirs, executors, administrators, successors and assigns, and HDH Intelligent Technologies Corp., its predecessors, successors, assigns, parents, subsidiaries, divisions, and affiliates (whether incorporated or unincorporated), and all of the past and present directors, officers, shareholders, trustees, attorneys, employees, agents, and employee benefit programs of such corporations and affiliations (in their individual and representative capacities) of each and any and all persons acting by, through, or in concert with any of same.

### AGREEMENT

THIS AGREEMENT to settle and release claims (the "Settlement Agreement") is made by and between Claimant and Defendants in the Proceeding (defined below) and in connection with all other matters referenced herein.

### WITNESSETH

WHEREAS, Claimant and Defendants are parties to a proceeding docketed as "Vincent Betancourt v. HDH Intelligent Technologies Corp. and Hyman Haddad a/k/a Hy Haddad," Case No. 1:15-CV-03323 (FB) pending in the United States District Court for the Eastern District of New York (hereinafter referred to as the "Proceeding"); and

WHEREAS, Claimant and Defendants desire to finally, completely and forever resolve, settle and compromise the claims asserted in the Proceeding and all other related claims and all further claims, whether known or unknown, that Claimant has made or could have made with respect to any aspect of his employment with Defendants, the cessation of that employment, and any actions or events which have occurred since then up through the date of this Settlement Agreement (hereinafter referred to as the "Claims");

WHEREAS, Claimant represents to Defendants that he has been advised by his attorney, The Law Office of Alan J. Sasson, P.C. (hereinafter referred to as "Claimant's attorney"), of the meaning of this Settlement Agreement and the consequences of signing it; that he enters into the Settlement Agreement freely and voluntarily; that no representations or promises by Defendants concerning this Settlement Agreement have been made to Claimant other than as expressly set forth in this Settlement Agreement; and that Claimant has had reasonable time to consider and accept the conditions of this Settlement Agreement;

NOW, THEREFORE, upon the mutual covenants and agreements contained herein, the parties enter into this Settlement Agreement upon the following terms and conditions:

1. **SETTLEMENT AMOUNT.** HDH Intelligent Technologies Corp. shall pay Claimant a total of Thirty Thousand Dollars ($30,000.00) (hereinafter referred to as the "Settlement Amount") in separate payments as set forth below:

   A) A total of $20,000.00 to Claimant (in two (2) checks), which is designated as payment in settlement of any and all claims in the Proceeding, including but not limited to unpaid overtime wages and any other alleged compensation and/or related damages. HDH Intelligent Technologies Corp. shall issue Claimant one check in the amount of $10,000.00 (reduced by all legally required tax withholdings) paid pursuant to IRS Form W-2 reflecting pay and/or compensation, and a second check in the amount of $10,000.00 paid pursuant to IRS Form 1099 reflecting compensatory/emotional distress damages.

   B) $10,000.00 to The Law Office of Alan J. Sasson, P.C. for which a Form 1099 shall be issued.

   Payment of the Settlement Amount shall be made within thirty (30) days of the receipt by Defendants of (1) a copy of the Settlement Agreement signed by Claimant; (2) a copy of a Stipulation of Dismissal With Prejudice and Without Costs as to Claimant signed by Claimants' attorneys; and (3) receipt by Defendants of the appropriate tax forms (e.g., IRS Form W-9, W-4, etc.) from Claimant and Claimant's attorney to enable Defendants to process the Settlement Amount. The Stipulation of Dismissal shall be filed with the Court after Claimant's attorneys confirm receipt of the Settlement Amount.

2. **RELEASE FROM CLAIMANT.** Subject to the terms and conditions of this Settlement Agreement and in consideration of payment of the Settlement Amount and the other terms and benefits as described in Paragraph 1 and the other terms of this Settlement Agreement, the adequacy of which is hereby acknowledged, Claimant does hereby release and forever discharge Defendants from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs, or expenses of any nature whatsoever, whether known or unknown, accrued or not accrued, fixed or contingent, including but not limited to those claims which Claimant may not be aware of and those not mentioned in this Settlement Agreement, which Claimant now has or hereafter may have against Defendants, arising out of any acts, omissions, transactions, transfers, happenings, contracts, agreements or situations of any nature whatsoever which occurred at anytime before the effective date of this Settlement Agreement. Claimant does hereby release and forever discharge Defendants from any and all liability to Claimant arising out of or in connection with Claimant's employment with Defendants, including, but not limited to, liability that may arise under any federal, state, or local fair employment practice law, duty or other employment related obligation, or any other obligations arising out of contract, tort, or public policy in law or equity. Claimant hereby agrees that, except for actions or suits based upon breaches of the terms of this Settlement Agreement, neither Claimant nor anyone acting on Claimant's behalf will file or commence any suit, claim or action, in law or, in equity or in any federal or state agency, against Defendants on account of any employment-related action or cause of action which now exists in Claimant's favor upon the basis of facts existing at the date hereof, whether known or unknown, including but not limited to claims for wrongful discharge,

constructive discharge, breach of express or implied contract, tortious interference with contract, breach of the covenant of good faith and fair dealing, whistle blowing, estoppel and detrimental reliance, violation of the penal statutes, public policy, or constitutional rights, negligence of any kind, intentional infliction of emotional distress, defamation, disparagement, retaliation, harassment, and discrimination on account of race, creed, color, national origin, nationality, ancestry, age, sex (including pregnancy), familial status, marital status, domestic partnership status, affectional or sexual orientation, atypical hereditary cellular or blood trait, genetic information, liability for military service, and mental or physical disability, perceived disability, and AIDS and HIV status, or attainment of benefit right which has or could have been alleged under the common law or any statute, including but not limited to: Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Age Discrimination In Employment Act of 1967 and The Older Workers Benefit Protection Act; the Family and Medical Leave Act; the Employee Retirement Income Security Act; the Equal Pay Act; the Americans With Disabilities Act; the Rehabilitation Act of 1973; the Occupational Safety and Health Act; the Immigration Reform Control Act; the Worker Adjustment Retraining and Notification Act; the Uniformed Services Employment and Reemployment Act; the Millville Dallas Airmotive Plant Job Loss Notification Act; the Fair Labor Standards Act; the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"); the Health Insurance Portability and Accountability Act of 1996 ("HIPAA), the Sarbanes-Oxley Act; the New York Human Rights Law, Executive Law Sec. 290 *et seq.*, the New York Nondiscrimination for Legal Actions Law, Labor Law §201-d, the New York Retaliatory Action by Employers Law, Labor Law Sec. 740-741 *et. seq.*, the New York Civil Rights Law, Sec. 1 *et. seq.*, the New York Wage-Hour Law, Labor Law Sec. 220 *et. seq.*, the New York Wage Payment Law, Labor Law Article 6, Sec. 190 *et. seq.* and Article 19 Sec. 650 *et. seq.*, the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, the New York City Human Rights Law, N.Y.C. Admin Code Sec. 8-101 *et seq.*; and any and all amendments to any of same. Claimant waives any rights to and releases Defendants from any obligations to make salary continuation, overtime payments, severance, bonus, commissions, or other compensation payments or to provide any additional group insurance, retirement or other employee benefits in connection with his employment with Defendants or termination of his employment, except as provided in this Settlement Agreement. Claimant further covenants and agrees that he will never sue Defendants on any claim Claimant now has relating to Claimant's employment with or the termination of his employment with Defendants or relating to actions, omissions, statements, or events which have occurred since the termination of his employment with Defendants and to the date of this Settlement Agreement.

Nothing in this Settlement Agreement shall be construed to prevent Claimant from filing a charge or complaint, including a challenge to the validity of this Settlement Agreement, with the Equal Employment Opportunity Commission or from participating in or cooperating with any investigation conducted by the Equal Employment Opportunity Commission. Claimant waives the right to monetary damages or other individual legal or equitable relief or attorneys fees awarded in relation to any such claim against Defendants.

      3.     <u>ACKNOWLEDGMENT OF FULL PAYMENT</u>. Claimant acknowledges and agrees that unless otherwise specifically mentioned herein, all salary, compensation, including but not limited to unpaid hourly wages, overtime payments, vacation pay and other pay/benefits and other obligations due to him, whether by contract or by law, have been paid or satisfied in

full by Defendants. Claimant further agrees that the representations and understandings set forth in this paragraph have been relied upon by Defendants and constitute consideration for its execution of this Settlement Agreement.

4. <u>NO FEES, COSTS OR EXPENSES</u>. Other than the attorneys fees provided in Section 1 herein neither Claimant nor Defendants, nor any of their respective attorneys shall seek reimbursement from any party for costs, filing fees, attorneys', experts', or consultants' fees, or any other costs or expenses incurred in connection with the matters referenced herein or the negotiations resulting in this Settlement Agreement.

5. <u>NON-ADMISSION OF LIABILITY</u>. Neither this Settlement Agreement, the settlement hereunder, nor any payment made pursuant to its terms shall be construed as or deemed to be evidence of any admission on the part of Defendants of any liability or wrongdoing whatsoever, or of the truth of the averments of any claims asserted by the Claimant or waiver of the defenses to such claims. Neither this Settlement Agreement, nor any of the terms hereof, any payment made pursuant to its terms nor any of the negotiations connected herewith, shall be offered or received in evidence in any proceeding for any purpose other than for purposes of enforcing this Settlement Agreement.

6. <u>NON-DISPARAGEMENT AND OTHER RESTRICTIONS</u>. Claimant agrees that he shall not make negative statements or representations, or otherwise communicate negatively, in writing, orally, or otherwise, or take any action which would be considered by a reasonable person to be, directly or indirectly, disparaging or damaging to Defendants' business or reputation. Claimant shall refrain from any disparagement or slander of Defendants, and shall not engage in any conduct which would constitute tortious interference with Defendants' contracts, clients and customer relationships.

Claimant understands and agrees that Defendants shall be under no obligation to reinstate, rehire or consider him for future employment at any business owned or controlled by Defendants. Claimant expressly agrees that he will not apply for any such employment reinstatement or rehire at any time in the future. Defendants agree that in response to written inquiries about Claimant by prospective employers, they will provide Claimant with a neutral employment reference (*i.e.*, dates of hire and separation, rate of pay and position) to prospective employers.

7. <u>NO CLAIMS OR LAWSUITS</u>. Claimant agrees to take all steps needed to effectuate the dismissal of the Proceeding with prejudice and without costs as to his claims. Claimant agrees, to the extent consistent with applicable law, not to initiate any legal action, charge or complaint against Defendants in any forum whatsoever and to immediately discontinue any such action previously commenced. Further, to the extent any such action has been or is brought, Claimant expressly waives any claim to any form of monetary relief or other damages or any other form of recovery or relief in connection with any such action, or in connection with any action brought by a third party. Claimant further agrees to release and discharge Defendants not only from claims he could make on his own behalf, but also specifically waive any right to become, and promise not to become, a member of any class in any proceeding or case asserting claim(s) against Defendants, in whole or in part, from any event which occurred as of the date of

this Agreement. If Claimant breaches any provision of this Settlement Agreement, he will pay the reasonable legal fees and costs incurred by Defendants as a result of such breach.

8. TAX LIABILITY. Claimant acknowledges and understands that he has the full and complete responsibility for any taxes, penalties or assessments of any kind which may become due in connection with any payments made under this Settlement Agreement. The payment of all monies herein set forth is intended by mutual agreement of these parties to be complete compensation for all claims, including claims for minimum wage and overtime compensation and reimbursement of Claimant's legal fees in connection with all claims referenced herein. Claimant understands that certain taxing authorities may, subsequent to the date of this Settlement Agreement, characterize payments made under this Settlement Agreement in a manner different from that which is intended by the parties and reflected in this Settlement Agreement. Accordingly, Claimant shall be solely responsible for all taxes on the monies paid to him or his attorneys pursuant to this Settlement Agreement. Claimant further agrees to accept full, complete, sole and entire responsibility for any tax liability, interest or penalty that may be assessed against or incurred by Defendants as a result of not withholding taxes on the monies paid pursuant to this Settlement Agreement, and Claimant agrees to pay to defendants an amount equal to such tax liability, interest or penalty except that Claimant shall not be liable for Defendants' share of FICA and State payroll taxes should they be assessed against Defendants.

9. ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST. This Settlement Agreement expresses the entire understanding of the parties with respect to the subject matter of the Settlement Agreement and the settlement of the Claims referenced herein and shall be binding upon and inure to the benefit of the administrators, personnel representatives, successors and assigns of each of the parties. The Settlement Agreement supersedes any prior written or oral representations, agreements, or understandings with respect hereto. No party has relied upon any representation, assurance, or understanding other than as expressed in this Settlement Agreement. Any change or modification to this Settlement Agreement must be made in writing and signed by Claimant and Hyman Haddad.

10. GOVERNING LAW. This Agreement shall be interpreted in accordance with the laws of the State of New York, to the exclusion of any other law or any other forum. Claimant and Defendants hereby irrevocably submit in any suit, action or proceeding arising out of relating to this Agreement to the jurisdiction of the United States District Court for the Eastern District of New York, and waive any and all objections to jurisdiction that they may have under the laws of the State of New York.

11. SEVERABILITY OF AGREEMENT. If any paragraph or provision of this Settlement Agreement is found to be illegal or unenforceable for any reason, only the paragraph or provision found to be illegal or unenforceable shall be affected and the remainder of this Settlement Agreement will continue in full force and effect.

12. REVIEW. Claimant further acknowledges that the only consideration for signing this Settlement Agreement is as set forth in this Settlement Agreement; that neither promises or agreements of any kind have been made to him or with him by any person or entity whatsoever to cause him to sign this Agreement; that he is competent to execute this Settlement Agreement;

and he has been advised by Claimant's attorney about the meaning of this Settlement Agreement, that he has had more than sufficient time to consider and review this Settlement Agreement, and that he fully understands the meaning and intent of this Settlement Agreement.

13.  EFFECTIVE DATE.  Claimant and Defendants understand and agree that this Settlement Agreement shall be effective and enforceable following the execution of this Agreement by all parties on the date(s) set forth below.

14.  COUNTERPARTS.  The Parties may execute this Settlement Agreement on separate counterparts, all of which taken together shall constitute the Settlement Agreement.

IN WITNESS WHEREOF, this Settlement Agreement has been executed on behalf of each party on the dates set forth below.

HDH INTELLIGENT TECHNOLOGIES CORP.

_____          _____March 15/2016_____
On behalf of the Corporation             Dated

HYMAN HADDAD

_____          _____March 15/2016_____
HYMAN HADDAD                             Dated

_____          _____3/11/16_____
CLAIMANT                                 Dated
VINCENT BETANCOURT